**OHIO RIVER COMPANY, Plaintiff,**

v.

**KENTUCKY-INDIANA CORP., et al., Defendants.**

**No. C-1-80-551.**

United States District Court, S. D. Ohio, W. D.

April 27, 1982.

**162**

George K. Fogg, Cincinnati, Ohio, for plaintiff.

James E. Burke, J. David Rosenberg, Cincinnati, Ohio, for defendants.

SPIEGEL, District Judge:

This matter came on for consideration of defendant's motion for leave to file counterclaim (doc. 38), plaintiff's memorandum in opposition (doc. 39), and defendant's reply memorandum (doc. 40). For the reasons stated, it is the opinion of the Court that defendant's motion for leave to file the aforesaid counterclaim should be granted.

This is an action by plaintiff Ohio River Company ("Ohio River") to recover the balance allegedly due upon an account for barge transportation services rendered to defendant Kentucky-Indiana Corporation ("KIC") during the winter of 1979–1980. KIC had made payments on the account by March 1980, however, a large balance remained unpaid. Following negotiations concerning the unpaid balance, KIC executed a security agreement, financing statements and assignment of certain coal leases and various other documents which had the effect of assigning to Ohio River allegedly all of the assets owned by KIC. The president of KIC, Earl Powers ("Powers"), although initially refusing to do so, later signed the agreement. Some time later, Ohio River demanded that KIC execute a promissory note for the sum allegedly due, which note, according to Ohio River, was to be a demand note, but, according to KIC, was to be a term note due one year after execution. The note sent by Ohio River was due upon demand. It was mailed to KIC by Ohio River on approximately March 17, 1980, executed by Powers on behalf of KIC on April 23, 1980, but not returned to Ohio River until July of that year. According to KIC, both the note and the letter of transmittal clearly stated that KIC's signature was expressly conditioned upon Ohio River's acceptance of the condition that the note was due after one year and not upon demand. However, Ohio River never accepted this condition and brought suit on the note before the one year expired.

Suit was commenced in October 1980, on the promissory note and the security instruments, but not upon the underlying account. In December, 1980, Ohio River amended its complaint to add Powers as a defendant, seeking to pierce the corporate veil and to hold him personally liable for KIC obligations. On June 1, 1981, Ohio River filed a second amended complaint against Powers and KIC, which added a claim upon an account. KIC and Powers filed answers to each of the complaints which asserted their affirmative defenses. KIC did not assert a counterclaim in any of its pleadings at that time.

Now KIC seeks to assert a counterclaim arising from KIC's execution of an assignment of leases in March 1980 to Ohio River. These leases gave KIC the right to explore for, mine, and remove coal on 23 separate parcels of land in Kentucky, but required KIC to make periodic payments to the lessor/land owner. The leases had an initial fixed term, but all provided that the term would continue thereafter, so long as the stipulated payments were made. KIC asserts it turned over physical possession of the leases to Ohio River at or about the time of the assignment, allegedly with the understanding that Ohio River was to assume the responsibility of making all payments necessary to keep the leases in effect. KIC claims that although Ohio River knew of its responsibility to keep the leases in effect by making the necessary payments, it neglected to do so, and did not advise KIC

of such non-payment or afford KIC the opportunity to do so. Therefore, KIC claims that without notice to it, or to its knowledge, Ohio River allowed the valuable collateral in the latter's possession to become worthless.

KIC's current counsel claims that KIC inquired of its original counsel in this litigation as to whether it had a claim against Ohio River for the loss of its collateral and asserts that such counsel advised against filing the counterclaim. Original counsel withdrew, and when current counsel were retained, they reviewed the situation and advised defendants that such a counterclaim should be interposed.

According to the pleadings, defendant's present counsel was retained in December 1981 and began preparation for trial scheduled for April 26, 1982. In researching the case, he advised KIC that its claim relating to the coal leases had merit, and, on March 2, moved for leave to file its counterclaim. On March 22, plaintiff filed its memorandum in opposition (doc. 39) and defendant's reply memorandum was filed on March 25.

Plaintiff asserts three objections to KIC's motion for leave to file a counterclaim:

1) That KIC unjustifiably delayed in asserting its counterclaim;

2) That plaintiff will be prejudiced in its discovery effort if the counterclaim is permitted to be filed; and

3) That the counterclaim is without merit.

■ KIC's counterclaim arises from that same security agreement that constitutes the basis of this lawsuit. It is, therefore, a compulsory counterclaim under Fed.R. Civ.P. 13(a), which states in part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Rule 13 is mandatory and if a party fails to assert a compulsory counterclaim, that party will be forever barred from asserting the claim in any subsequent litigation. *New Britain Machinery Co. v. Yeo*, 358 F.2d 397, 410 (6th Cir. 1966).

The general philosophy of Rule 13 is to adjudicate all related claims in one action. *See* 6 Wright & Miller, *Federal Practice and Procedure*, § 1430. To that end, Rule 13(f) provides:

When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

Both parties agree that this Court has absolute discretion to deny or grant defendant's motion. Generally, courts have been liberal in allowing counterclaims by amendment under Rule 13(f). *Silvers v. TCC Industries, Inc.*, 484 F.2d 194, 198 (6th Cir. 1973).

■ Our review of the record satisfies us that KIC's delay in asserting its counterclaim was not unreasonable under the circumstances. KIC wished to pursue this counterclaim from the beginning, but KIC's former counsel advised it that the proposed counterclaim was without merit. KIC now has obtained counsel that believes the proposed counterclaim has merit. KIC should not be barred from asserting its claim because prior counsel was not willing to pursue it, and, although plaintiff may be somewhat inconvenienced by the delay, it will not be prejudiced if the motion is granted.

We find that, on balance, the interests of justice mandate that KIC be permitted to pursue its claim against Ohio River. If we were to deny defendant's motion, it would be forever barred from litigating the question whether Ohio River is liable to it for failure to maintain the leases. Defendant has asserted facts which, if true, state a legitimate complaint against the plaintiff, and we can find no reason to deny defendants their day in Court.

Admittedly, the discovery cut-off date in this case was October 1, 1981. That date

164

was scheduled by the Court before defendant's present counsel were in the case. We think it is reasonable, therefore, to extend the discovery cut-off date so that the parties will be afforded additional time to complete discovery on the counterclaim.

Accordingly, defendant's motion for leave to file a counterclaim is granted, and the discovery cut-off date in this case is extended to September 1, 1982. All motions must be filed by September 1, 1982. The final pretrial conference is set for October 7, 1982, at 3:30 P. M. The trial is scheduled to begin on November 29, 1982. It is number two on deck.

SO ORDERED.